IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

ROY LYNN McDAVID,                        §
Institutional ID No. 1235555             §
SID No. 3486643                          §
Previous TDCJ ID Nos. 460590, 613370,    §
                                         §
            Plaintiff,                    §
                                         §     CIVIL ACTION NO. 5:21-CV-018-BQ
v.                                       §
                                         §
ADAM GONZALEZ, *et al.*,                  §
                                         §
            Defendants.                   §

## ORDER TO COMPLETE QUESTIONNAIRE

Pro se Plaintiff Roy Lynn McDavid has filed a complaint under 42 U.S.C. § 1983, seeking

review by the Court of Defendants' alleged wrongful conduct. The district judge has transferred

this matter to the undersigned magistrate judge for preliminary screening. To properly conduct

the preliminary screening required under 28 U.S.C. §§ 1915 and 1915A, the Court must obtain

additional information from Plaintiff concerning the claims asserted. In accordance with *Watson*

*v. Ault*, 525 F.2d 886, 892–93 (5th Cir. 1976), it is hereby **ORDERED** that Plaintiff shall complete

the attached Questionnaire and Declaration and return it to the United States District Clerk,

Lubbock Division, 1205 Texas Ave., Rm. 209, Lubbock, Texas, 79401 within thirty (30) days

from the date of this Order.

It is further **ORDERED** that in answering the Questionnaire, Plaintiff shall provide the

Court with facts that pertain *only* to the claims asserted in this case. Plaintiff shall not address the

claims of any other person, nor cite any law or make any legal argument in the answers.

*Plaintiff is admonished that failure to timely return the completed Questionnaire and Declaration to the Clerk's Office at the above address may and most probably will result in dismissal of this action.*

**SO ORDERED.**

Dated: June 17, 2021.

_____

**D. GORDON BRYANT, JR.**
**UNITED STATES MAGISTRATE JUDGE**

2

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | | |
|---|---|---|
| ROY LYNN McDAVID, | § | |
| Institutional ID No. 1235555 | § | |
| SID No. 3486643 | § | |
| Previous TDCJ ID Nos. 460590, 613370, | § | |
| | § | |
| Plaintiff, | § | |
| | § | CIVIL ACTION NO. 5:21-CV-018-BQ |
| v. | § | |
| | § | |
| ADAM GONZALEZ, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## QUESTIONNAIRE AND DECLARATION

**On this date Plaintiff, under penalty of perjury, provides the following answers and information as required by the Court.**

I.   **Questionnaire**

1. In your Amended Complaint, you allege that on April 8, 2020, you were assaulted by inmate Anthony Deumache, who is "well known to do so," especially by Captain Richard Aynes and the "Administration."

   a. Specify the location in which Anthony Deumache allegedly assaulted you—e.g., in your cell, dayroom, hallway, recreation yard, etc.

   b. Explain the circumstances surrounding the assault and how Deumache obtained access to your person.

c. Had <u>you</u> previously had an altercation with, or been threatened by, Anthony Deumache?  Answer "yes" or "no."  If your response is "yes," answer the following:

   i. Specifically describe all information concerning the previous encounter with and/or threat from Deumache.

   ii. List the date(s) on which the previous encounter/threat(s) with Deumache occurred.

   iii. Did you report the previous encounter/threat(s) with Deumache? Answer "yes" or "no."  If your answer is "yes," specify to whom you made the report, the date on which you made the report, and *all* information you reported.

    d. Specifically describe any harm you allege you suffered as a result of Deumache's assault.

2. You contend that after the April 8 assault, Captain Aynes "made [you] clean [your] wound," did not take you to the medical department for treatment, threatened to charge you with assault, and warned you not to report the incident.

    a. Did you ask Captain Aynes to obtain medical treatment for you?  Answer "yes" or "no."  If your answer is "yes," specifically describe all information you communicated to Captain Aynes regarding your request for treatment.

    b. Specifically describe how Captain Aynes's alleged denial of medical care violated your constitutional rights.

    c. Specifically describe how Captain Aynes's alleged denial of medical care harmed you.

3

d. Specifically describe the medical treatment you believe you needed, but did not receive, as a result of Captain Aynes's alleged failure to obtain care.

e. Did you make a request for medical treatment to any other officer concerning the injuries you incurred during the April 8 assault? Answer "yes" or "no." If your answer is "yes," specify: (i) to whom you made the request; (ii) the date(s) on which you made a request; (iii) all information you communicated to that person; (iv) the person's response; and (v) any treatment you received as a result.

f. Did Captain Aynes charge you with a disciplinary infraction as a result of the April 8 incident? Answer "yes" or "no." If your answer is "yes," specify with what you were charged, the date on which you were charged, and the outcome of any disciplinary proceeding.

g. Specifically describe how Captain Aynes's alleged failure to report the April 8 assault violated your constitutional rights.

     h.  Specifically describe how Captain Aynes's alleged failure to report the April 8 assault harmed you.

3.  You name Sergeant Tyler Ham and Sergeant Charles Miller as Defendants.  You claim that "upon reporting being assaulted April 12 2020 by officer Michael E Carter CO IV and Christopher Yanez CO III . . . no action [was taken and] no report" was made. Later in your Amended Complaint, however, you state that on April 12, you reported the April 8 assault to Officer Carter, by giving him a note, and then later reported the assault to Officer Yanez.

     a.  Are you alleging that Officers Carter and Yanez used excessive force on April 12, 2020, and that you reported the use of force to Sergeants Ham and Miller? Or, are you contending that you reported the April 8 assault to Officers Carter and Yanez?  Explain.

     b.  Do you intend to name Officers Carter and Yanez as defendants?  Answer "yes" or "no."  If your response is "yes," answer the following:

          i.  Specifically describe all actions Officer Carter took that violated your constitutional rights.

5

ii.  Specifically describe how Officer Carter's alleged actions harmed you.

iii. Specifically describe all actions Officer Yanez took that violated your constitutional rights.

iv.  Specifically describe how Officer Yanez's alleged actions harmed you.

c.  Specifically describe how Sergeants Ham and Miller violated your constitutional rights.

d.  Specifically describe how Sergeants Ham and Miller harmed you.

6

4. In your Amended Complaint, you allege that "head of security and administration" Defendants Gonzalez, Webb, Parker, Michael Miller, and Dyer "showed complete indifference to injury in past and current danger and or safety[,] no report, no action failure to protect/act[,] not even basic medical care," and they "allow violations thru [sic] Grievance Dept, Law Library, Mail Room, Due Process of Law, [and] Hinderin[g] access to courts." You further allege that Defendants Gonzalez, Webb, Parker, Michael Miller, and Dyer allowed officers "to retaliate [] and discriminate against L.G.B.T.Q.I." Answer the following for *__each__* named Defendant:

   a. Have you named Defendants Gonzalez, Webb, Parker, Michael Miller, and Dyer as Defendants because they supervise Smith Unit personnel? Answer "yes" or "no."

   b. Did you have any personal interaction with Defendants Gonzalez, Webb, Parker, Michael Miller, and Dyer? Answer "yes" or "no." If your answer is "yes," describe all interaction you had with:

      i. Defendant Gonzalez:

      ii. Defendant Webb:

      iii. Defendant Parker:

    iv.  Defendant Michael Miller:

    v.  Defendant Dyer:

c.  ***Specifically*** describe any actions Defendants took that you believe violated your constitutional rights and list the date(s) on which the actions occurred.  Merely alleging conclusory statements such as "showed complete indifference" will not suffice.

    i.  Defendant Gonzalez:

    ii.  Defendant Webb:

    iii.  Defendant Parker:

     iv.  Defendant Michael Miller:

     v.  Defendant Dyer:

d.  Specifically describe how you were harmed by Defendants' alleged actions:

     i.  Defendant Gonzalez:

     ii.  Defendant Webb:

     iii.  Defendant Parker:

iv.  Defendant Michael Miller:

v.  Defendant Dyer:

5.  You state that you "wrote medical [to] ask for [an] x-ray[, you] fell and again <u>No Help</u>."

   a.  Are you alleging that you filed a sick call requesting medical treatment? Answer "yes" or "no."  If your answer is "no," explain how you made a written request.

   b.  On what date did you make the written request?

   c.  Specify all information you conveyed in the written request.

    d.  To whom do you attribute the denial of requested medical care.

    e.  Specifically explain why you believe you required an x-ray.

    f.  List any date(s) on which you received medical care, and the treatment you received.

6.  You allege that Defendants Brown, Jiminez, Reimer, Rebber, and Stouth have tampered with your mail, hindered your access to courts, and violated your due process rights.

    a.  Specifically describe how each Defendant allegedly tampered with your mail, including date(s) of occurrence:

        i.  Defendant Brown:

        ii.  Defendant Jiminez:

11

     iii.  Defendant Reimer:

     iv.  Defendant Rebber:

     v.  Defendant Stouth:

  b.  Specifically describe how each Defendant's alleged mail tampering violated your constitutional rights:

     i.  Defendant Brown:

     ii.  Defendant Jiminez:

     iii.  Defendant Reimer:

    iv.  Defendant Rebber:

    v.  Defendant Stouth:

c.  Specifically describe how each Defendant's alleged mail tampering harmed you:

    i.  Defendant Brown:

    ii.  Defendant Jiminez:

    iii.  Defendant Reimer:

iv.  Defendant Rebber:

v.  Defendant Stouth:

d.  Specifically describe how each Defendant allegedly hindered your access to the courts, including date(s) of occurrence:

i.  Defendant Brown:

ii.  Defendant Jiminez:

iii.  Defendant Reimer:

iv.  Defendant Rebber:

     v.  Defendant Stouth:

e.  Specifically describe how each Defendant's denial of access to the courts violated your constitutional rights:

     i.  Defendant Brown:

    ii.  Defendant Jiminez:

   iii.  Defendant Reimer:

    iv.  Defendant Rebber:

     v.  Defendant Stouth:

   f. Specifically describe how each Defendant's alleged denial of access to the courts harmed you:

      i. Defendant Brown:

      ii. Defendant Jiminez:

      iii. Defendant Reimer:

      iv. Defendant Rebber:

      v. Defendant Stouth:

g.  Specifically describe how each Defendant's alleged denial of due process violated your constitutional rights:

    i.  Defendant Brown:

    ii.  Defendant Jiminez:

    iii.  Defendant Reimer:

    iv.  Defendant Rebber:

    v.  Defendant Stouth:

h. Specifically describe how each Defendant's alleged denial of due process harmed you:

    i. Defendant Brown:

    ii. Defendant Jiminez:

    iii. Defendant Reimer:

    iv. Defendant Rebber:

    v. Defendant Stouth:

7. You further assert that Alfred Jiminez, the law library supervisor, violated "other numerous violations state/federal/A.C.A." and intercepted your parole pack.

    a. Specify what you mean when you refer to "A.C.A."

    b. Specify the "other numerous violations state/federal/A.C.A." alleged against Alfred Jiminez.

    c. Specifically explain how the actions listed in question 7.b. above violated your constitutional rights.

    d. Specifically explain how the actions listed in question 7.b. above harmed you.

    e. On what date do you allege Defendant Jiminez intercepted your parole pack.

      f.  Specifically describe how Defendant Jiminez's intercepting your parole pack violated your constitutional rights.

      g.  Specifically describe how Defendant Jiminez's intercepting your parole pack harmed you.

8.  You allege Chaplain Joe Earnest shows "complete deliberate indifference to religious practices of Native Americans," has taken "no action whatsoever to comply with religious rights," has refused to "comply with religious preference/rights or assist in a remedy," and "retaliated by not" issuing a lay-in for a "mock ceremony."

      a.  Specify the constitutional and/or statutory provisions under which you raise these claims against Chaplain Earnest.

      b.  Are you contending that you practice the Native American religion?  Answer "yes" or "no."  If your answer is "no," specify what religion you practice.

      c.  On what date did you begin practicing the religion listed in question 8.b?

d. Are you registered with TDCJ as practicing the religion listed in question 8.b.? Answer "yes" or "no." If your answer is "no," explain why TDCJ has not designated you as practicing the religion listed in question 8.b.

e. Specifically describe how Chaplain Earnest has impacted your ability to practice your religion and the date(s) on which he took such action.

f. Specifically describe how Chaplain Earnest's actions harmed you.

g. Explain all the ways in which you are able to practice your religion at the Smith Unit.

21

h.  In what ways have you been unable to practice your religion at the Smith Unit.

i.  You allege that Chaplain Earnest retaliated by not permitting you to participate in a mock ceremony.

    a.  What is a mock ceremony?

    b.  Explain the significance of a mock ceremony to your religion.

    c.  List the date(s) on which Chaplain Earnest did not issue a lay-in to attend a mock ceremony.

    d.  Specifically describe all facts forming the basis of your retaliation claim.

e.  Specifically explain why you believe Chaplain Earnest retaliated.

f.  Specifically describe how you were harmed by the alleged retaliation.

## II.   **Declaration**

I, ROY LYNN McDAVID, declare under penalty of perjury that the foregoing answers are true and correct, and I certify that a true and correct copy of my answers to the Questionnaire has been forwarded to the United States District Clerk, Lubbock Division, Lubbock, Texas.

_____          _____
Date                                                            ROY LYNN McDAVID

23