IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | | |
|---|---|---|
| ROY LYNN McDAVID, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 5:21-CV-018-BR |
| | § | |
| ADAM GONZALEZ, ET AL., | § | |
| | § | |
| Defendants. | § | |

### MEMORANDUM OPINION AND ORDER OF PARTIAL DISMISSAL

Before the Court are a plethora of filings by Plaintiff, Roy Lynn McDavid. Plaintiff is proceeding *pro se* and *in forma pauperis*. This case was reassigned to Magistrate Judge D. Gordon Bryant, Jr., on March 3, 2021, with the proviso that the case would be transferred back to the district judge if Plaintiff failed to consent to proceed before the Magistrate Judge. (ECF 13). Thereafter, Plaintiff consented to proceed before the United States Magistrate Judge for all proceedings. (ECF 17). The case was reassigned to the undersigned on January 3, 2022. Having conducted the screening required by 28 U.S.C. §§ 1915(e)(2) & 1915A(a), the Court concludes that the bulk of Plaintiff's claims must be dismissed for the reasons that follow.

### I.    FACTUAL BACKGROUND

Plaintiff's operative pleading is his second amended complaint. (ECF 21). He names fourteen persons as defendants. He has also provided answers to the Court's Questionnaire to flesh out his claims. (ECF 26).

Some of Plaintiff's claims arise out of an alleged assault on April 8, 2020, while he was incarcerated at the Smith Unit of the Texas Department of Corrections at Lamesa, Texas.[1] (ECF

---

[1] Plaintiff is now incarcerated in the Connally Unit at Kenedy, Texas. (ECF 30).

21 at 6[2]). In addition, Plaintiff asserts claims arising out of alleged interference with his mail, interference with access to courts, and interference with his right to practice his religion. (*Id.* at 9–11). Briefly, Plaintiff's claims are as follows:

In response to a complaint made by Plaintiff against him, Captain Richard Aynes enlisted another inmate, Anthony Deumache, to assault Plaintiff with a cane on April 8, 2020. Deumache beat Plaintiff such that he sustained a big gash to his left eye that caused the eye to swell shut, a swollen and bruised left wrist and hand, a swollen and bruised left collar bone, and bad dizzy spells and headaches for a couple of weeks. Following the assault, Aynes pulled Plaintiff, who was bleeding, into a hallway and put him in a janitor's closet. Aynes made Plaintiff clean himself up, denying him necessary medical care, threatened to charge Plaintiff with assault, and warned him not to report the incident or a lot worse would happen to him. (ECF 21 at 6–7; ECF 26 at 1–5).

Plaintiff reported being assaulted to Officers Michael Carter and Christopher Yanez, who saw that Plaintiff needed medical attention. Those officers did all that they could to try to get help for Plaintiff, but Sergeants Tyler Ham and Charles Miller refused to help. As supervisors, they had a duty to protect Plaintiff from harm, especially LGBTQ hate crimes or retaliation, and to render aid and medical care. (ECF 21 at 11; ECF 26 at 5–6). Aynes, Ham, and Miller saw Plaintiff's severe injuries, recognized his need for medical care, and denied care to him. (ECF 26 at 11).

Plaintiff sues Adam Gonzalez, Michael Miller, Jimmy Webb, Cody Parker, and David Dyer because they supervised Smith Unit personnel. (ECF 21 at 9; ECF 26 at 7). Plaintiff alleges that Gonzalez came by his cell but did not talk to him. Plaintiff spoke with Webb about the mailroom, but Webb just walked away. Plaintiff spoke with Parker several times, but Parker just pretended to be busy with his cell phone. (ECF 26 at 7). Plaintiff wrote to Miller several times but

---

[2] The page references to the second amended complaint are to "Page __ of 20" reflected at the top right portion of the document on the Court's electronic filing system.

did not get a response. Plaintiff alleges that talking to Dyer is like talking to the mob; he exudes a "stay out of his way" and "defend yourself" attitude. (*Id.* at 8–9). In sum, none of these persons care about the inmates or their safety.

Plaintiff alleges that Latesha Brown, Alfred Jiminez, Theresa Reimer, Robbin Rebber, and Sabrina Stouth tampered with his mail and violated his due process rights. (ECF 21 at 11; ECF 26 at 11). He says: Reimer and Brown refused to process grievances; Rebbers and Stouth, her assistant, destroyed mail, delayed outgoing mail, and opened mail out of the presence of inmates; Jiminez as supervisor of the law library refused to comply with legal supply rules and a package handed to him disappeared. (ECF 26 at 11–14). Jiminez had possession of Plaintiff's parole pack, but Plaintiff does not know if he interfered with the parole process. (*Id.* at 20).

Plaintiff alleges that Joe Earnest, chaplain, refuses to comply with religious preferences and rights. (ECF 21 at 11). He contends that Earnest has prevented him from participating in actual Native American services and retaliated against him by refusing a Native American unit placement. (ECF 26 at 20–23).

## II.  STANDARD OF REVIEW

Federal courts have an independent duty to examine their own subject matter jurisdiction. *See Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583–84 (1999). The federal courts' jurisdiction is limited; they may only hear a case if it involves a question of federal law or where diversity of citizenship exists between the parties. 28 U.S.C. §§ 1331, 1332. In a case filed *in forma pauperis*, and in a case filed by a prisoner regardless of whether he is proceeding *in forma pauperis*, the Court is required to dismiss the complaint or any portion thereof if it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2) & 1915A(b).

In evaluating whether a complaint states a valid claim for relief, the court construes the allegations of the complaint favorably to the pleader. *Warth v. Seldin*, 422 U.S. 490, 501 (1975). However, the court does not accept conclusory allegations or unwarranted deductions of fact as true, and a plaintiff must provide more than labels and conclusions or a formulaic recitation of the elements of a cause of action. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Tuchman v. DSC Commc'ns Corp.*, 14 F.3d 1061, 1067 (5th Cir. 1994).

To state a cause of action under 42 U.S.C. § 1983, the plaintiff must allege that (1) some person has deprived him of a federal statutory or constitutional right, and (2) that person acted under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Arnold v. Williams*, 979 F.3d 262, 266 (5th Cir. 2020).

### III.   ANALYSIS

Liberally interpreting Plaintiff's allegations, he has stated a claim against Aynes for causing Plaintiff to be attacked by another inmate, causing him serious injuries. Further, Plaintiff alleges that, even though Aynes recognized the serious nature of the injuries, he refused to provide needed medical care, telling Plaintiff to report that he had fallen and injured himself. In addition, Plaintiff alleges that Ham and Charles Miller were aware of Plaintiff's serious injuries, as two other officers had reported to them that Plaintiff needed care, but they refused to provide medical care. Failure to provide care caused Plaintiff to suffer at the time, and he continues to experience pain in his left eye. Plaintiff should be allowed to proceed with these claims.

Having studied Plaintiff's prolix and discursive filings, the Court is unable to conclude that Plaintiff has stated a plausible claim against any of the rest of the Defendants. Most are sued as supervisors Plaintiff alleges displayed indifferent attitudes to the needs of prisoners or duties of employment. Of course, the doctrine of *respondeat superior* does not apply to § 1983 actions.

*Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978); *Williams v. Luna*, 909 F.2d 121, 123 (5th Cir. 1990). Plaintiff has not pleaded sufficient personal involvement against Defendants Gonzalez, Michael Miller, Webb, Parker, and Dyer to proceed further with claims against them.

The claims against Brown, Jiminez, Reimer, Rebber, and Stouth concern the law library, mail room, and processing of grievances. Again, Plaintiff relies on conclusory allegations rather than specific facts.

Jiminez is or was the supervisor of the Smith Unit law library. Plaintiff alleges: some unspecified package was handed to Jiminez (ECF 26 at 11); as a supervisor "he blatantly refuses to comply with legal supply rules or law library sessions to allow studys [sic] to prepare motions filings and lot, lots more" (*id.* at 12); he "refuses to allow access to unhindered indigent mail process for courts [and] will not allow needed supplys [sic] and detens request for postage . . . [and] does also charge illegal indigent [supply] charges (*id.* at 13); "he is an expert at delayin[g] access to courts and law library and legal supplys [sic]" (*id.* at 14); "he is in direct violaton of numerous constitutional laws" (*id.* at 15); "he has caused undue hardship" (*id.* at 16); he knows the rules and violates the rules (*id.* at 17); he is an agent of the courts and breaches every duty as that agent (*id.* at 18); he is in violation of "Tx Codes governing access to courts" and was illegally in possession of Plaintiff's parole pack (*id.* at 19); and, Plaintiff questions whether Jiminez interfered with the parole process. (*Id.* at 20).

Prisoners have a constitutional right to access to courts; however, they do not have an abstract, freestanding right to a law library or legal assistance. *Lewis v. Casey*, 518 U.S. 343, 351–52 (1996). To pursue a claim for denial of access to courts, the plaintiff must allege an actual injury. Failure to do so is fatal to his claim. *Lewis v. Thaler*, 389 F. App'x 330, 331 (5th Cir. 2010).

A claim that plaintiff was denied legal envelopes or that authorities failed to send out legal mail is without merit and must be dismissed. *Id.* That is the case here. Plaintiff has numerous complaints about the running of the law library, but he has not alleged any facts to show that his access to the courts was obstructed and caused him harm. The record, including hundreds of pages of materials filed by Plaintiff belies such a claim, had one even been made.

Plaintiff complains about Reimer, the head grievance officer, and Brown, another grievance department officer, alleging that they hindered the grievance process and access to the courts by not processing grievances. (ECF 26 at 12, 14–18). These allegations do not state a viable constitutional claim, however, because Plaintiff does not possess a constitutional right to have grievances resolved to his satisfaction. *Garrett v. Stephens*, 675 F. App'x 444, 447 (5th Cir. 2017) (citing *Geiger v. Jowers*, 404 F.3d 371, 374 (5th Cir. 2005)); *Morris v. Cross*, 476 F. App'x 783, 785 (5th Cir. 2012). In fact, Plaintiff does not possess a liberty interest in having access to a prison grievance procedure. *Geiger*, 404 F.3d at 374. His access to courts is not prevented or hindered by interference with the grievance process, because exhaustion of remedies is presumed in cases where prison officials ignore grievances or interfere with the grievance process. *Johnson v. Cheney*, 313 F. App'x 732, 733 (5th Cir. 2009); *Giddings v. Valdez*, No. 3:06-CV-2384-G, 2007 WL 1201577, at *3 (N.D. Tex. Apr. 24, 2007) (any claim arising from alleged failure to investigate grievances is indisputably meritless).

Plaintiff alleges that Rebbers, head of the mail room, and Stouth, her assistant, have interfered with his mail and hindered his access to the court. (ECF 26 at 12). In addition, he alleges that some of his mail has been opened outside of his presence. (*Id.* at 13). All of his allegations are conclusory, and he fails to cite any specific instance where either of them interfered with his access to the courts. (*Id.* at 12–18). As the Fifth Circuit has noted, violation of prison regulations requiring

6

that a prisoner be present when his incoming legal mail is opened and inspected is not a violation of the prisoner's constitutional rights. *Brewer v. Wilkinson*, 3 F.3d 816, 825 (5th Cir. 1993). As there could be a legitimate penological interest in opening mail, Plaintiff must do more than simply allege that his mail was opened. *Id.* Plaintiff fails to allege any facts to show that he suffered any actual injury or legal prejudice of any kind resulting from the alleged tampering with or hindering of his mail. He must do more than speculate in order to proceed with his claims. *Hennington v. Gorsuch*, No. 6:20-CV-00302, 2022 WL 18276844, at *6 (E.D. Tex. Nov. 28, 2022); *Smith v. Wichita Cnty.*, No. 7:22-cv-00011-M-BP, 2022 WL 2959583, at *2–3 (N.D. Tex. June 30, 2022).

Seemingly unrelated to his other complaints, Plaintiff alleges that Chaplain Earnest has interfered with his right to freedom of religion. (ECF 21 at 11). In his answers to the Questionnaire, he mentions RLUIPA and RFRA and says that he has been denied the right to practice his Native American religion, citing to his family history. (ECF 26 at 20–23). As best the Court can tell, Plaintiff is saying that he was not allowed to join a Native American unit to participate in live worship services, but was offered the opportunity to worship via video. It appears that the only relief Plaintiff seeks is to be permitted to practice his Native American religion. Inasmuch as Plaintiff has been transferred to a new unit, there is no reason to believe that relief could be obtained from Chaplain Earnest. Monetary damages are not available under RLUIA. *Sossamon v. Lone Star State of Texas*, 560 F.3d 316, 329, 331 (5th Cir. 2009).

The Court additionally notes that under the Prison Litigation Reform Act, a prisoner cannot recover for mental or emotional injury suffered while in custody without a prior showing of physical injury. 42 U.S.C. § 1997e(e); *Geiger*, 404 F.3d at 375. Plaintiff has not alleged any physical injuries attributable to the acts of Gonzalez, Michael Miller, Dyer, Parker, Jiminez, Brown, Reimer, Rebber, Stouth, Earnest, or Webb.

## IV.     PENDING MOTIONS

As the Court has now conducted the review of Plaintiff's claims, his pending motions for review and expedited consideration are moot. (ECF 28, 29, 31). Those motions are DENIED.

The Court notes that as part of one of his motions and in a notice of change of address, Plaintiff purports to withdraw his consent for the Magistrate Judge to screen his claims. (ECF 31 at 2; ECF 30). "[T]here is no absolute right to withdraw a validly given consent to trial before a magistrate." *Carter v. Sea Land Servs., Inc.*, 816 F.2d 1018, 1021 (5th Cir. 1987). A motion to withdraw consent may only be granted upon a showing of extraordinary circumstances. 28 U.S.C. § 636(c)(4); *United States v. Klat*, No. 97-11282, 180 F.2d 264, 1999 WL 301320, at *3 n.4 (5th Cir. Apr. 27, 1999). The determination of the motion is committed to the court's sound discretion. *Carter*, 816 F.2d at 1021. Factors to consider include undue delay, inconvenience to the court and witnesses, prejudice to the parties, whether the movant is proceeding *pro se*, whether the movant's consent was voluntary and uncoerced, whether the motion is made in good faith or is dilatory and contrived, any possible bias or prejudice on the part of the magistrate judge, and whether the interests of justice would be best served by holding a party to his consent. *Id.* In this case, none of the factors set out in *Carter* counsels in favor of allowing withdrawal of consent. Plaintiff's sole purpose in filing his motion was apparently to speed review of his case. That review has now occurred. Withdrawing consent would only further delay the proceedings.

In addition, Plaintiff has filed yet more motions for leave to present evidence and amend his complaint. (ECF 33, 34). Having carefully studied the motions and the proposed amendments, the Court is not persuaded that anything would be accomplished by granting leave to amend. Plaintiff seems to think that he is entitled to add parties and claims until such time as a schedule has been set. Plaintiff is mistaken. Pursuant to Rule 15(a) of the Federal Rules of Civil Procedure,

a party may amend its pleading only once as a matter of course. Thereafter, leave of court must be obtained. In this case, Plaintiff has had more than ample opportunity to present his best case. What happened to Plaintiff was within his personal knowledge and could have been presented long ago. His proposed amendment is conclusory and could not withstand a motion to dismiss in any event. The motions for leave to present evidence and for leave to amend are DENIED.

## IV. CONCLUSION

Plaintiff's claims against Defendants Gonzalez, Michael Miller, Dyer, Parker, Jiminez, Brown, Reimer, Rebber, Stouth, Earnest, and Webb are DISMISSED. The Court determines that there is no just reason for delay in, and hereby orders, entry of final judgment as to the dismissal of these claims.

This is a consent case assigned to the undersigned United States Magistrate Judge under 28 U.S.C. § 636(c) with authority to enter judgment. Any appeal shall be to the Court of Appeals for the Fifth Circuit under 28 U.S.C. § 636(c)(3). Dismissal of these claims does not release Plaintiff or the institution where he is incarcerated from the obligation to pay any filing fee previously imposed. 28 U.S.C. § 1915(b)(1); *see also Williams v. Roberts*, 116 F.3d 1126, 1128 (5th Cir. 1997). Judgment shall be entered accordingly.

As to Plaintiff's claims against Defendants Aynes, Ham, and Miller, the Court finds they shall be served and required to file an answer, motion, or other responsive pleading. The Court expresses no opinion as to the lawfulness of Defendants' alleged actions by identifying them or requiring an answer, and nothing in this Order constitutes an adverse finding as to their conduct.

It appears that said Defendants are employees of the State of Texas and are likely to be represented by the Office of the Attorney General for the State of Texas. It is, therefore, **ORDERED** that the Clerk of the Court shall transmit to the Attorney General a copy of this Order,

together with a copy of Plaintiff's Complaint or most recent amended complaint, and any supplements thereto, including Plaintiff's answers to the Court's questionnaire, if any, and a form to consent to proceed before a United States Magistrate Judge. The documents shall be transmitted by e-mail to the appropriate e-mail addresses at the Office of the Attorney General for the State of Texas. *See* Fed. R. Civ. P. 5(b)(2)(E).

It is **ORDERED** that Defendants shall have ***thirty (30) days*** from the date of service of this Order within which to answer or otherwise plead to Plaintiff's claims.

If a Defendant is no longer employed by the Texas Department of Criminal Justice and will not be contacted and represented by the Attorney General's office, it is **ORDERED** that the Assistant Attorney General assigned to this case shall provide the Court with each such Defendant's last known address, **UNDER SEAL AND WITHOUT A MOTION**, on or before the date on which Defendant's answer is otherwise due.

**No further motions or pleadings may be filed by Plaintiff regarding a particular Defendant until that Defendant has answered or otherwise pleaded.**

**All discovery is stayed until further order.**

IT IS SO ORDERED.

ENTERED March 20, 2023.

_____
LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE