IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | | |
|---|---|---|
| ROY LYNN McDAVID, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 5:21-CV-018-BR |
| | § | |
| ADAM GONZALEZ, ET AL., | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
AND ORDER OF TRANSFER**

By memorandum opinion and order of partial dismissal signed March 20, 2023, the undersigned conducted the screening required by 28 U.S.C. §§ 1915(e)(2) and 1915A(a). The Court dismissed the bulk of the claims asserted by Plaintiff, Roy Lynn McDavid, and allowed him to proceed with claims against Defendants Richard E. Aynes, Charles Miller, and Tyler Ham. (ECF 35). The Court rendered final judgment as to the claims that were dismissed. (ECF 39). Plaintiff filed an objection, (ECF 41), which the undersigned interpreted to be a notice of appeal. (ECF 42). The appeal was dismissed. (ECF 45). Accordingly, the undersigned lifted the stay that had been in place and ordered that Defendants file their answer. (ECF 46). Plaintiff again appealed and the undersigned has certified the appeal as frivolous. (ECF 50). Defendants have filed their answer to Plaintiff's complaint. (ECF 51).

As of today's date, all parties have not consented to jurisdiction by the magistrate judge. Upon review of Defendants' answer, it is the opinion of the undersigned that this matter must be transferred to the district judge for further proceedings.

Because Defendants have asserted the affirmative defense of qualified immunity, it is the

undersigned's RECOMMENDATION that the United States District Judge enter a limited scheduling order, requiring Defendants to file a motion for summary judgment with supporting evidence, for the purpose of making a preliminary determination on qualified immunity. Alternatively, the undersigned recommends that a Rule 16 scheduling order be entered, setting dates certain for pretrial deadlines and filing dispositive motions.

It is therefore ORDERED that the transfer of this case to the United States Magistrate Judge is terminated and the case is hereby transferred back to the docket of the United States District Judge. This case shall hereinafter be designated as Civil Action No. 5:21-CV-018-H.

## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Findings, Conclusion and Recommendation and Order of Transfer to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED on September 5, 2023.

_Lee Ann Reno_
LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

## *  <u>NOTICE OF RIGHT TO OBJECT</u>  *

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Findings, Conclusions and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).