UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

ROY LYNN McDAVID,
Institutional ID No. 1235555

          Plaintiff,

v.

ADAM GONZALEZ, *et al.*,

          Defendants.

No. 5:21-CV-00018-H

### ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE AND REQUIRING A MOTION ON QUALIFIED IMMUNITY

The United States Magistrate Judge made findings, conclusions, and a recommendation (FCR) that this Court enter a limited scheduling order requiring the remaining defendants to file a motion for summary judgment for the purpose of making a preliminary determination on qualified immunity. Dkt. No. 53. Plaintiff filed objections Dkt. No. 54. The Court conducted a de novo review of the relevant portions of the Magistrate Judge's report. For the reasons stated below, Plaintiff's objections are overruled, and the Court accepts the findings, conclusions, and recommendation of the United States Magistrate Judge.

**1.    Plaintiff's Objections**

Plaintiff focuses his objections on actions taken by the Magistrate Judge before the entry of the FCR. Dkt. No. 53. He does not specifically object to any portion of the FCR; rather, he objects generally to every action taken by Judge Reno because he claims she acted without authority. So, he asserts that the Court should vacate every order entered by Judge Reno—including the FCR—and review the entire case de novo. *Id.*

2.  **Background**

The undersigned United States District Judge transferred this case to the Magistrate Judge for judicial screening under 28 U.S.C. § 1915 and designated the Magistrate Judge "to exercise jurisdiction to conduct any and all proceedings as provided in U.S.C. § 636(c), to conduct the trial of the case, and to order the entry of judgment in the case pursuant to *Neals v. Norwood*, 59 F.3d 530 (5th Cir. 1995)," subject to the consent of the parties. Dkt. No. 13. This case was then reassigned to Magistrate Judge D. Gordon Bryant. *Id.* Plaintiff consented to the jurisdiction of the Magistrate Judge. Dkt. No. 17.

The consent form that Plaintiff signed agreed "to have a United States Magistrate Judge conduct any and all further proceedings . . . including the trial and entry of a final judgment," and included an acknowledgement that if the Magistrate Judge entered final judgment, any appeal "shall be taken to the United States Court of Appeals for the Fifth Circuit." *Id.* Judge Bryant initiated the judicial screening of this case by ordering and reviewing authenticated records (Dkt. Nos. 15, 24) and issuing a questionnaire (Dkt. No. 25. Later, this case was administratively reassigned to Magistrate Judge Lee Ann Reno for docket-management purposes.

After the case was reassigned to Judge Reno, Plaintiff filed a motion to supplement his complaint followed by two motions asking for expedited review. Dkt. Nos. 27, 28, 29. When those motions were not resolved to his satisfaction, he attempted to withdraw his consent. Dkt. No. 30. Judge Reno denied Plaintiff's request to supplement his complaint, (Dkt. No. 32), and later denied his request to withdraw his consent to the jurisdiction of the Magistrate Judge. Dkt. No 35 at 8 (noting that there is no absolute right to withdraw a validly given consent to trial before a magistrate, that a motion to withdraw consent may

2

only be granted upon a showing of extraordinary circumstances, and that Plaintiff's desire for a speedier disposition did not constitute extraordinary circumstances).

After completing the judicial screening of this case, Judge Reno entered an order of partial dismissal and final judgment under Rule 54(b) of the Federal Rules of Civil Procedure. Dkt. Nos. 35, 39. Among other things, the order of dismissal explained that the Magistrate Judge had authority to enter judgment based on Plaintiff's consent,[1] that judgment would be entered, and that any appeal would be to the Fifth Circuit. Dkt. No. 35 at 9. When Plaintiff sought an extension of time to file objections to the District Judge, (Dkt. No. 37), Judge Reno denied the motion and reminded Plaintiff that "this is a consent case; therefore, objections to the District Judge are not appropriate." Dkt. No. 40.

Then, when Plaintiff filed objections anyway, Judge Reno construed the objection as a notice of appeal "in an abundance of caution," in order to protect Plaintiff's right to appeal. Dkt. No. 42. Again, Judge Reno advised Plaintiff that because he had consented, her decision was final and his appeal had to go to the Fifth Circuit, rather than the District Court. Plaintiff chose to dismiss the appeal. *Id.* Dkt. No. 45.

---

[1] At that time, Plaintiff was the only party to the case—no defendant had been served and no defendant had appeared. *See Neals*, 59 F.3d at 532 (finding that "because [the defendants] had not been served, they were not parties . . . at the time the magistrate entered judgment" and concluding that "lack of written consent from the defendants did not deprive the magistrate judge of jurisdiction"); *see also Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999) (explaining that "one becomes a party officially, and is required to take action in that capacity, only upon service of a summons or other authority-asserting measure stating the time within which the party served must appear and defend"); *Charles v. Atkinson*, 826 F.3d 841, 843 (5th Cir. 2016) (concluding that a named litigant is not a party if he is both unserved and nonappearing); *Fed. Sav. & Loan Ins. Corp. v. Tullos-Pierremont*, 894 F.2d 1469, 1475 (5th Cir. 1990) (explaining that "the status of unserved defendants as nonparties apparently springs from the common law") (collecting authorities).

Despite Judge Reno's clear explanations, Plaintiff again filed objections and requested review by the District Court. Dkt. No. 48. And again, Judge Reno construed the document as an appeal to the Fifth Circuit, because review by the District Court was not available under the circumstances. Dkt. No. 50. But once more, Plaintiff chose to dismiss his appeal. Dkt. No. 55.

In the meantime, after dismissing several of Plaintiff's claims and named defendants from the case, Judge Reno also found that Plaintiff's excessive-force and deliberate-indifference claims against three defendants—Richard Aynes, Charles Miller, and Tyler Ham—survived screening. Dkt. No. 35. These three defendants have now been served, have appeared, and have thus become parties to this action. *See Murphy Bros.*, 526 U.S. at 350. So, now that there are additional parties, the Magistrate Judge no longer has the consent of all parties, and she entered her FCR and transferred the case back to the undersigned. Judge Reno recommends that Plaintiff's remaining claims should proceed and that the Court should enter a scheduling order.

**3.    Discussion**

As explained above, Plaintiff does not specifically object to the FCR. Nor would he have any basis to object, since Judge Reno recommends that his remaining claims proceed. Nevertheless, Plaintiff argues that the FCR should be vacated along with every other order that Judge Reno entered because he asserts that she disregarded the Magistrates Act, clearly established law and procedure, and Plaintiff's due-process rights.

Primarily, Plaintiff complains that Judge Reno lacked the authority to enter a final judgment of dismissal because (1) he notified her that he withdrew his consent, and (2) the defendants had not consented. But he is mistaken.

First, Plaintiff's consent was not withdrawn. Withdrawing consent to the magistrate judge, once given, is more onerous than withholding it to begin with. "[T]here is no absolute right to withdraw a validly given consent to trial before a magistrate." *Carter v. Sea Land Servs., Inc.*, 816 F.2d 1018, 1021 (5th Cir. 1987). Motions to withdraw consent to proceed before a magistrate may be granted only upon a showing of good cause or extraordinary circumstances, the "determination of which is committed to the court's sound discretion." *Id.* (citations omitted); *Johnson v. Hines*, No. 93–7076, 1994 WL 16464057, at *3 (5th Cir. Sept. 15, 1994). When considering such a motion, "a court should consider a variety of factors," including: (1) undue delay; (2) inconvenience to the court and witnesses; (3) prejudice to the parties; (4) whether the movant is appearing pro se; (5) whether the movant's consent was voluntary and uncoerced; (6) "whether the motion is made in good faith or is dilatory and contrived"; (7) any possible bias or prejudice on the magistrate judge's part; and (8) "whether the interests of justice would best be served by holding a party to his consent." *Carter*, 816 F.2d at 1021 (citations omitted).

Judge Reno, in her discretion, determined that Plaintiff had not shown good cause or extraordinary circumstances to justify withdrawing his consent. There was no evidence that his original consent was involuntary. Plaintiff's consent included his acknowledgment that the Magistrate Judge had authority to handle any and all proceedings up to and including final judgment. And his attempt to withdraw consent came more than a year after it was given. Finally, Plaintiff argued that he wanted to withdraw his consent in order to expedite the review of his claims, but Judge Reno found that doing so would instead cause undue delay. The Magistrate Judge had already spent considerable time and resources screening Plaintiff's claims and was ready to move the case to the next stage of litigation.

Withdrawing consent at that juncture would have delayed a final review of his claims and spent additional judicial resources on work that had already been done. Thus, the interests of justice were best served by holding Plaintiff to his consent. Thus, Plaintiff was not permitted to withdraw his consent.

Second, the Magistrate Judge had authority to enter the partial dismissal and final judgment under Rule 54(b) based on Plaintiff's consent alone because Plaintiff was the only party to the case at that point. Thus, Judge Reno had authority under Section 636 to enter final judgment. The fact that three defendants later became parties to the case does not alter the analysis. Rather, after the three defendants became parties, Judge Reno transferred the case back to the undersigned for further proceedings because she no longer had the consent of all parties at that point. The Magistrate Judge acted within her statutory authority during and after completing the screening of this case based on well-established Supreme Court and Fifth Circuit precedent.

Thus, Plaintiff's objections are overruled. The Court accepts and adopts the findings, conclusions, and recommendation of the Magistrate Judge.

4.  **Schedule for Dispositive Motions on Qualified Immunity**

Accordingly, Defendants Richard Aynes, Charles Miller, and Tyler Ham are ordered to file a motion for summary judgment with supporting evidence on the issue of qualified immunity no later than January 22, 2024.[2] After the issue of qualified immunity is resolved,

---

[2] Defendants have each appeared in this case and asserted the affirmative defense of qualified immunity. (*See* Dkt. Nos. 32, 33, 34.) The Court is mindful of the general rule that "a defendant's entitlement to qualified immunity should be determined at the earliest possible stage of the litigation." *Ramirez v. Guadarrama*, 3 F.4th 129, 133 (5th Cir. 2021) (citing *Mitchell v. Forsyth*, 472 U.S. 511, 526–27 (1985)); *Pearson v. Callahan*, 555 U.S. 223, 231–32 (2009). Ordinarily, that comes at the motion-to-dismiss stage. Here, the defendants did not file motions to dismiss before filing their answers. Thus, the Court has not yet had an opportunity to rule on the immunity question. *See* Fed. R. Civ. P. 12(b).

an additional summary-judgment motion on any or all remaining issues may be filed if need be. *See* LR 56.2(b). The qualified-immunity summary-judgment motion, any response, and any reply must comply with the requirements of the Local Civil Rules of the Northern District of Texas.

Discovery will remain stayed pending a ruling on the anticipated motion for summary judgment or further order from the Court. *See Carswell v. Camp,* 54 F.4th 307, 311 (5th Cir. 2022); *Wicks v. Miss. State Emp't Servs., Inc.*, 41 F.3d 991, 994–95 (5th Cir. 1995); *see also Backe v. LeBlanc*, 691 F.3d 645, 648 (5th Cir. 2012); *Lion Boulos v. Wilson*, 834 F.2d 504, 507 (5th Cir. 1987); *Webb v. Livingston*, 618 F. App'x 201, 206 (5th Cir. 2015) (per curiam). If a claim survives summary judgment on immunity grounds, then the parties are entitled to all appropriate discovery, even discovery that does not relate to the qualified immunity defense. *See Zantiz v. Seal*, 602 F. App'x 154, 159 (5th Cir. 2015) (quoting *Lion Boulos,* 834 F.2d at 507–08).

When a defendant has asserted a qualified-immunity defense, the Court may, under certain circumstances, permit limited discovery that is narrowly tailored to uncover facts that the Court needs to rule on the qualified-immunity defense. *See Carswell*, 54 F.4th at 311–12. On a proper request, the Court may authorize a plaintiff to conduct limited discovery in order to respond to the qualified-immunity issues raised in the expected motion for summary judgment. *See Hutcheson v. Dallas Cnty*, 994 F.3d 477, 481 (5th Cir. 2021) (providing that "[i]t is not enough broadly to seek information that might impeach the defendants' version of events," but "must assert facts that, if true, would overcome the defense."); *see also Backe*, 691 F.3d at 648 (explaining that "this court has established a careful procedure under which a district court may defer its qualified immunity ruling if

further factual development is necessary to ascertain the availability of that defense"); *Hinojosa v. Livingston*, 807 F.3d 657, 670 (5th Cir. 2015) (providing that "a district court may elect the defer-and-discover approach 'when the defendant's immunity claim turns at least partially on a factual question' that must be answered before a ruling can issue"); *cf. Nance v. Meeks*, No. 3:17-cv-1882-L-BN, 2018 WL 5624202, at *4 (N.D. Tex. Aug. 1, 2018) (finding that "a court's qualified immunity inquiry at [the summary judgment] stage requires that the Court 'accept the plaintiff's version of the facts (to the extent reflected by proper summary judgment evidence) as true.'") (quoting *Haggerty v. Tex. S. Univ.*, 391 F.3d 653, 655 (5th Cir. 2004) (citations omitted)), *rec. accepted*, 2018 WL 5620469 (N.D. Tex. Oct. 30, 2018).

After Defendants file their motion for summary judgment, the Court will issue an order setting forth procedures and deadlines for any possible request for limited discovery related to the affirmative defense of qualified immunity. Plaintiff may file a response to Defendants' motion for summary judgment **no later than 30 days** from the date shown on the certificate of service attached to the motion for summary judgment.

So ordered.

Dated October 30, 2023.

                                                  JAMES WESLEY HENDRIX
                                                United States District Judge